NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISSAN MOTOR CO., LTD., a Japanese corporation; NISSAN NORTH AMERICA, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>NISSAN COMPUTER CORPORATION, a North Carolina corporation; THE INTERNET CENTER, INC.,<br><br>    Defendants. | Case No. CV 99-12980 DDP (Mcx)<br><br>**ORDER**<br><br>[Request for Entry of Final Judgment filed on October 10, 2007] |

This matter comes before the Court on Nissan Computer's request for entry of final judgment. After considering the papers submitted by the parties, the Court holds that neither party was the prevailing party in this action. For reasons discussed below, the Court defers ruling on whether Nissan Computer's Rule 68 offer was more favorable than the judgment obtained by Nissan Motor.

///

///

///

**I. Background**

The parties are familiar with the history of this case. Plaintiffs Nissan North America, Inc. and Nissan Motor Co., Ltd. ("Nissan Motor") brought various trademark infringement, trademark dilution, and other claims related to Defendant Nissan Computer's operation of its website nissan.com. In March 1991, the Court granted a preliminary injunction that prohibited Nissan Computer from posting any automobile-related advertising on nissan.com. The Court found on summary judgment that Nissan Computer infringed Nissan Motor's trademark for the 8-10 weeks that Nissan Computer had posted automobile-related advertising, but that it did not infringe the trademark for its other advertising and commercial activities on the site. The Court further held that Nissan Computer had diluted Nissan Motor's trademark, and that Nissan Motor had no ACPA claim. Throughout the litigation, the Court also rejected several counterclaims by Nissan Computer, including various causes of action that sought the cancellation of Nissan Motor's NISSAN trademark.

Subsequently, the Ninth Circuit affirmed the Court's rulings with the exception of its finding that Nissan Computer had engaged in trademark dilution. After a bench trial on the trademark dilution claim, the Court found that Nissan Computer did not dilute Nissan Motor's trademark. The Court also held that Nissan Motor was not entitled to permanent injunction against Nissan Computer since it was unlikely that it would again infringe the trademark.

The parties now dispute entry of final judgment. Nissan Computer's proposed final judgment states in relevant part: "Defendants shall have judgment against plaintiffs; plaintiffs

shall take nothing by their complaint. Defendants are awarded costs pursuant to Rules 54(d)(1) and 68, F.R.C.P." Nissan Motor objects to the proposed judgment on three grounds: (1) it does not take into account the Court's findings as to all claims and counterclaims in this case; (2) it identifies Nissan Computer as the prevailing party in the litigation; and (3) Nissan Computer's claim to be entitled to costs under Rule 68 is (a) premature because Nissan Motor has not yet moved for attorney's fees and (b) does not apply because the offer of judgment was made before Nissan Computer's assertion of eleven counterclaims against Nissan Motor. Nissan Motor offers an alternative proposed final judgment that divides final judgment between the parties with respect to different claims, ultimately finding that Nissan Motor is entitled to costs as the prevailing party in this action.

**II. Discussion**

    A. <u>Rule 54</u>

Federal Rule of Civil Procedure 54 provides that "costs other than attorney's fees are awarded to a prevailing party as a matter of course." Fed. Rules Civ. P. 54(d)(1). "Prevailing party" generally refers to a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. <u>Buckannon Board and Care Home, Inc v. West Virginia Dep't of Health and Human Resources</u>, 522 U.S. 598, 603 (2001). Under Local Rule 54-2.3, when a plaintiff obtains only partial recovery, the Court determines which party shall be considered the prevailing party for purposes of costs. In its discretion, the Court may award costs to both parties, neither party, or to only one party. <u>Sanders v. Roe</u>, No.

3

CV 01-10509 CJC (MLGx), 2007 WL 2258287 *1 (C.D. Cal. April 17, 2007), <u>citing</u> Judge Robert E. Jones, et al., Rutter Group Practice Guide: Federal Civil Trials and Evidence, §§ 19:6.5-19:7.1 (2006). The Ninth Circuit has declared that a district court has discretion to award costs to neither party when there is a mixed judgment where the parties prevail on different aspects of the action. <u>Amarel v. Connell</u>, 102 F.3d 1494, 1523 (9th Cir. 1996).

Nissan Computer contends that Nissan Motor did not achieve the major goal of its lawsuit, which was to force transfer of the nissan.com domain name, and therefore cannot be the prevailing party. Rather, Nissan Computer argues that it is the prevailing party because it remains entitled to operate the nissan.com domain name for non-automotive related commercial use. Yet, to be considered the prevailing party, a plaintiff need not prevail against every defendant, or on every issue, or even on the "central issue" in the case to be considered the prevailing party in the lawsuit. <u>Hashimoto v. Dalton</u>, 118 F.3d 671, 677 (9th Cir. 1997). Nissan Motor prevailed on its trademark infringement claim and on Nissan Computer's counterclaims. This militates against finding Nissan Computer the prevailing party. <u>See</u> <u>id.</u>

That Nissan Motor prevailed on some of its claims, however, does not establish Nissan Motor as the prevailing party. Although Nissan Motor succeeded in its trademark infringement claim, the Court ultimately found that Nissan Motor was not entitled to a permanent injunction, noting that Nissan Computer had ceased all infringing activities a day after filing of the complaint. Further, Nissan Computer prevailed on several of Nissan Motor's claims in this action.

4

The Court finds that neither party in this action is definitively the prevailing party. Essentially, both Nissan Motor and Nissan Computer have prevailed in some respect during the course of the litigation. Nissan Computer retains ownership and usage of the nissan.com domain name for non-automotive related commercial purposes. On the other hand, Nissan Motor has succeeded in preventing Nissan Computer from using the NISSAN mark in connection with automotive-related goods and services. Under Rule 54, the Court declines to award costs to either party and requires that each party bear its own costs. See Amarel, 102 F.3d at 1523 ("In the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs.")

### B. Rule 68 Offer of Judgment

Although the Court does not award costs to either party under Rule 54, Nissan Computer raises its Rule 68 offer of judgment as an alternative ground for awarding it costs. Rule 68 is a cost-shifting provision that applies when a plaintiff rejects a defendant's settlement offer and recovers less by prosecuting the case. See Marek v. Chesny, 473 U.S. 1, 8-9 (1985). Rule 68 provides that:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. . . . An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except

5

```
 1              in a proceeding to determine costs.  If the judgment
 2              finally obtained by the offeree is not more favorable
 3              than the offer, the offeree must pay the costs incurred
 4              after the making of the offer.
```

 5    Fed. R. Civ. Pro. 68.

 6         In March 2001, Nissan Computer made Nissan Motor a Rule 68
 7    offer of judgment (the "offer"). (See Def.'s Request for Entry of
 8    Final Judgment, Exhibit A.)  The offer provided for:

```
 9         (1) A permanent injunction requiring Nissan Computer: (a) to
10             post a prominent caption on the first page of nissan.com and
11             nissan.net, identifying those websites as affiliated with
12             Nissan Computer; (b) to post a prominent disclaimer informing
13             visitors that nissan.com and nissan.net are not affiliated
14             with Nissan Motor; and (c) to refrain from displaying
15             automobile-related information, advertisements, or promotions
16             on nissan.com or nissan.net.
17         (2) An award to Nissan Motor of a monetary sum of $75,000 in
18             damages and attorneys' fees and costs.
```

19    Nissan Motor rejected the offer.  Nissan Computer argues that it is
20    entitled to costs because Nissan Computer rejected its Rule 68
21    offer and then recovered a less favorable judgment in prosecuting
22    the case.  Nissan Motor counters that it is premature for the Court
23    to determine whether the Rule 68 offer was more favorable than the
24    actual judgment in the case.  Nissan Motor is yet to move for
25    attorneys' fees under the Lanham Act, but has expressed its
26    intention to do so.

27         The Court agrees that it is premature to determine the effect
28    of Nissan Computer's Rule 68 offer of judgment.  In addressing the

scope of Rule 68, the Supreme Court has held that "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." Marek, 473 U.S. at 9.  Unlike the statute at issue in Marek which included attorneys' fees as "costs," 15 U.S.C § 1117 of the Lanham Act does not appear to define attorney's fees as part of costs.[1]  This suggests that attorneys' fees under the Lanham Act are not necessarily "fees . . . subject to the cost-shifting provision of Rule 68." See Marek, 473 U.S. at 9.

However, in Haworth v. State of Nevada, 56 F.3d 1048 (9th Cir. 1995), the Ninth Circuit considered the issue of attorneys' fees incurred after a Rule 68 offer of judgment in an action based on violations of a statute which, like the Lanham Act, did not define attorneys' fees as part of "costs."  See Haworth, 56 F.3d at 1051. While the Ninth Circuit noted that attorneys' fees may be recovered subsequent to a Rule 68 offer when a statute does not define those fees as part of "costs," the Ninth Circuit held that the results obtained by a plaintiff after rejection of a Rule 68 offer is relevant to the reasonableness of attorneys' fees. Id. at 1052 ("We . . . hold that . . . when a Rule 68 offer of judgment has been rejected, and judgment is obtained for less than the settlement offer, these circumstances must be considered by the district court in determining what fee is reasonable.")

---

[1] 15 U.S.C. § 1117 allocates costs and then provides separately that in "exceptional" cases, attorneys' fees can be awarded.

7

In determining the reasonableness of any fee, the Ninth Circuit explained that a district court should consider "the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made. Id. at 1052-53. Haworth provides district courts with "wide discretion in refusing to award post-offer fees where an offer of judgment exceeds the Plaintiff's ultimate recovery." See Solomon v. Onyx Acceptance Corp., 222 F.R.D. 418, 421-22 (C.D. Cal. 2004) (discussing Haworth).

Nissan Computer's Rule 68 offer included attorneys' fees and costs. In order to determine the effect of Nissan Computer's Rule 68 offer of judgment, the Court will consider whether Nissan Motor is entitled to reasonable attorneys' fees under the Lanham Act. The parties have not briefed the issue of attorneys' fees, nor does the Court believe that the parties have fully addressed the Rule 68 issues discussed above. The Court invites the parties to discuss these issues in connection with Nissan Motor's planned motion for attorneys' fees. At that time, the Court will determine whether Nissan Computer is entitled to costs based upon its Rule 68 offer of judgment, and whether Nissan Motor is entitled to attorneys' fees under the Lanham Act.

///
///
///
///
///

**III. Conclusion**

    For the foregoing reasons, the Court finds:

1) Under Rule 54, there is no prevailing party in this action and neither party is awarded costs.
2) Under Rule 68, Nissan Computer may be entitled to costs. The Court defers ruling on this issue until Nissan Motor moves for attorneys' fees. Nissan Motor should move for attorneys' fees immediately. In connection with that motion, the parties shall address Rule 68 costs. At that time, the Court will determine whether Nissan Computer is entitled to costs based upon its Rule 68 offer of judgment, and whether Nissan Motor is entitled to attorneys' fees under the Lanham Act.

IT IS SO ORDERED.

Dated: November 30, 2007

                                    DEAN D. PREGERSON
                                    United States District Judge