O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NISSAN MOTOR CO., LTD., a Japanese corporation; NISSAN NORTH AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN COMPUTER CORPORATION, a North Carolina corporation; THE INTERNET CENTER, INC.,<br><br>Defendants. | ) | Case No. CV 99-12980 DDP (Mcx)<br><br>**ORDER DENYING NISSAN MOTOR'S MOTION FOR ATTORNEYS' FEES AND GRANTING COSTS TO NISSAN COMPUTER UNDER FEDERAL RULE OF CIVIL PROCEDURE 68**<br><br>[Motion filed on December 20, 2007] |

This matter comes before the Court on Nissan Motor's motion for attorneys' fees pursuant to Local Rule 54-12 and opposition to an award of costs to Nissan Computer under Federal Rule of Civil Procedure 68. After reviewing the papers submitted by the parties and considering the arguments therein, the Court denies Nissan Motor's motion for attorneys' fees and awards costs to Nissan Computer under Federal Rule of Civil Procedure 68.

///

///

# I. BACKGROUND

## A. The Parties

Plaintiff Nissan Motor Co., Ltd. ("Nissan Motor") is a Japanese corporation with its principal place of business in Tokyo, Japan. It manufactures, sells, and distributes automobiles and automobile-related parts and services in connection with the NISSAN trademark. Plaintiff Nissan North America, Inc. ("NNA"), a California corporation with its principal place of business in Nashville, Tennessee, is a wholly owned subsidiary of Nissan Motor. NNA distributes NISSAN vehicles and related parts and services and uses Nissan Motor's NISSAN mark in the United States pursuant to a license.[1]

Defendant Nissan Computer Corporation ("Nissan Computer") is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. Nissan Computer is engaged in the business of selling and servicing computers, computer hardware, software, and peripherals. It also offers computer networking services and supplies, and offers Web-hosting services and e-mail services as an Internet Services Provider ("ISP"). Nissan Computer is wholly owned by Uzi Nissan, its president. Defendant The Internet Center is a North Carolina corporation with its principal place of business in Raleigh, North Carolina. The Internet Center formerly offered ISP and computer training services, but no longer engages in business. The Court has previously found that The Internet Center is an alter ego of Nissan Computer with respect to Plaintiffs' claims for trademark infringement and dilution in this

---

[1]For purposes of this Order, the Court refers to the Plaintiffs jointly as "Nissan Motor."

matter. Uzi Nissan owns a majority of the shares of The Internet Center.

**B. Procedural History**

In 1999, Plaintiff Nissan Motor brought various trademark infringement claims and an Anti-Cybersquatting Consumer Protection Act ("ACPA") claim related to Defendant Nissan Computer's operation of its website nissan.com. Through its trademark infringement claims, Nissan Motor sought a permanent injunction, damages, and through its ACPA claim, transfer of the nissan.com website.

On March 23, 2000, the Court issued an order granting the Plaintiffs' motion for a preliminary injunction against Nissan and denying the Defendant's motion to dismiss for lack of personal jurisdiction. Nissan Motor Co. v. Nissan Computer Corp., 89 F. Supp. 2d 1154, 1162-64 (C.D. Cal. 2000).[2] The Court ordered Nissan Computer to cease displaying automobile-related content on these websites. Id.

In 2002, the Court considered a series of motions for summary judgment. The Court granted summary judgment for Nissan Motor on its claim of trademark dilution. (Order, December 18, 2001.) The Court granted summary judgment for Nissan Computer on Nissan Motor's ACPA claim. (Order, January 10, 2002.) The Court then granted summary judgment for Nissan Motor on its trademark infringement and false designation claims, finding that Nissan Computer infringed Nissan Motor's trademark for the 8-10 weeks that Nissan Computer had posted automobile-related advertising, but that

---

[2]The Court's March 23, 2000 order was affirmed by the Ninth Circuit on December 26, 2000. Nissan Motor Co., Ltd. v. Nissan Computer Corp., 246 F.3d 675 (Table) 2000 WL 1875821 (9th Cir. 2000).

it did not infringe the trademark for its other non-automobile-related advertising on the site. (Order, January 8, 2002.) The Court entered a permanent injunction against Nissan Computer to enjoin trademark infringement and dilution. (Order, November 13, 2002.)

On September 16, 2002, the parties stipulated to damages. (Joint Stipulation and Order Re: Damages and Elimination of Need for Trial, September 16, 2002.) The Court first entered judgment in this action on December 18, 2002. (Judgment, December 18, 2002.) In 2004, the Ninth Circuit affirmed the Court's rulings with the exception of its finding that Nissan Computer had engaged in trademark dilution. Nissan Motor Co. v. Nissan Computer, 378 F.3d 1002, 1019 (9th Cir. 2004). Accordingly, the Ninth Circuit vacated the permanent injunction and remanded for trial on Nissan Motor's claim of trademark dilution. Id. After a bench trial, the Court found that Nissan Computer did not dilute Nissan Motor's trademark. (Findings of Fact and Conclusions of Law, September 21, 2007.) The Court also held that Nissan Motor was not entitled to permanent injunction since it was no longer likely that Nissan Computer would infringe the trademark. (Id.)

The parties then submitted proposed judgments. The Court rejected both. On November 30, 2007, the Court found that neither party was the prevailing party in this action. (Order, November 30, 2007.) However, the Court deferred ruling on whether Nissan Computer is entitled to costs based upon a Rule 68 offer of judgment. To evaluate whether Nissan Computer's Rule 68 offer was more favorable than the judgment ultimately obtained by Nissan Motor in this action, the Court found that it must first determine

whether Nissan Motor is entitled to attorneys' fees under the Lanham Act. (Id.)

**II. DISCUSSION**

A. Nissan Motor's Motion for Attorneys' Fees Under the Lanham Act

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In this case, Nissan Motor was the prevailing party with respect to its trademark infringement and false designation of origin claims. Before it turns to whether this was an "exceptional" case, however, the Court first considers whether Nissan Motor has waived the right to move for attorneys' fees.

1. Waiver

Federal Rule of Civil Procedure 54(d)(2)(B)(I) states: "Unless a statute or a court order provides otherwise, the motion must be filed, the motion must . . . be filed no later than 14 days after entry of judgment." Fed. R. Civ. Pro. 54(d)2()(B)(I). The Central District of California's Local Rule 54-12 similarly provides that "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen days after entry of judgment or other final order, unless otherwise ordered by the Court." C.D. Cal. L.R. 54-12.

On September 16, 2002, after several rulings on summary judgment motions, the parties stipulated to damages. (Joint Stipulation and Order Re: Damages and Elimination of Need for Trial, September 16, 2002.) The Joint Stipulation was silent on attorneys' fees, although it stated that the damages were exclusive

of statutory costs. (Id. ¶ 2.) The Court first entered judgment in this action on December 18, 2002. (Judgment, December 18, 2002.) The Judgment stated that the "award of damages is subject to the conditions stated in the Court's order of September 16, 2002, approving the parties' stipulation to damages." At that time, Nissan Motor did not move for attorney's fees.

In 2004, the Ninth Circuit reversed in part and vacated the judgment. In 2007, the Court proceeded to have the bench trial on trademark dilution, finding in Nissan Computer's favor. The instant motion, filed on December 20, 2007, is the first time Nissan Motor moved for attorneys' fees. Because Nissan Motor did not move for attorneys' fees within 14 days of the original judgment in this case, Nissan Computer argues that Nissan Motor has waived its right to move for attorneys' fees by failing to file a timely motion.

The Court agrees. "Although 'the 14-day period is not jurisdictional, the failure to comply [with Rule 54] should be sufficient reason to deny the fee motion, absent some compelling showing of good cause.' Kona Enters. v. Estate of Bishop, 229 F.3d 877, 889-90 (9th Cir. 2000) (quoting 10 James Wm. Moore et al., Moore's Federal Practice § § 54.151[1] (3d ed. 2000)). Nissan Motor's motion for attorneys' fees - five years after the first entry of judgment - is clearly untimely. Absent a showing of good cause, Nissan Motor's untimely motion may be denied.

Nissan Motor claims that the following provision in the parties Joint Stipulation disposes of Nissan Computer's waiver argument:

> [I]n light of the potential appeal by either Defendant of the Court's orders in this case, if any liability findings in favor of [Nissan Motor] are reversed on appeal, paragraphs 1 and 2 of this stipulation, and any judgment for damages resulting therefrom, will be null and void and may not be used as evidence in this case, and damages on all claims will be tried with liability issues, with the parties reserving all rights in connection therewith.

(Id. ¶ 3a.) Nissan argues, since the Ninth Circuit reversed the Court's judgment in part, that "there has never been any judgment entered with respect to the auto-related trademark infringement claim." (Def.'s Reply 17.)

The Court understands Nissan Motor's argument to mean that the parties, and the Court by reference in its first entry of judgment, agreed to a later filed attorneys' fee motion. This argument is unavailing. The Joint Stipulation only provides that judgment with respect to damages would be null and void if any liability findings favoring Nissan Motor were reversed. It does not discuss attorneys' fees, nor can it be read to reserve any rights with respect to making a motion for attorneys' fees. As a result, the Joint Stipulation does not contain permission for Nissan Motor's noncompliance with the procedural deadlines for filing an attorneys' fee motion.

What's more, contrary to Nissan Motor's characterization, there was a judgment in this action. That the judgment was vacated on appeal does not excuse Nissan Motor's failure to file a timely motion for attorneys' fees. Unless there is good cause, a party is required to comply with procedural deadlines for attorneys' fee

motions after an appealable final judgment or order, notwithstanding the ever present possibility that a circuit court may reverse. Cf. Kona, 229 F.3d at 889-90.

Here, Nissan Motor cannot turn back the clock. The Court finds that Nissan Motor, upon the first entry of judgment, had fourteen days to file a motion for attorneys' fees. Having failed to file a timely fees motion, Nissan Motor waived its right to file a later fees motion after appeal.

2. The Lanham Act's Exceptional Cases Standard

Even assuming that Nissan Motor's violation of the deadline for an attorneys' fee motion were excused, the Court holds that this was not an exceptional case warranting an award of attorneys' fees. "[A] trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003). A finding that a party "intentionally infringed does not necessarily equate with the malicious, fraudulent, deliberate or willful conduct that we usually require before deeming a case exceptional." Watec Co., Ltd. v. Watec Co. America, 403 F.3d 645, 656 (9th Cir. 2005); see also Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1015 (9th Cir. 1985) ("[A]ttorney's fees are to be awarded only in exceptional circumstances and on evidence of fraud or bad faith. . . .") (internal citations and quotations omitted); Lindy Pen Co. v. Bic Pen Corp., 14 U.S.P.Q.2d (BNA) 1528 (C.D. Cal. 1993) ("In this circuit, attorney's fees may be awarded only on a showing of fraud or bad faith."), aff'd 982 F.2d 1400 (9th Cir. 1993).

///

In this case, the Court held that the defendant infringed Nissan Motor's trademark with respect to its auto-related advertising under a theory of initial interest confusion. On summary judgment, the Court found that "an intent to confuse [consumers] may be inferred from the defendant's alteration of its "nissan.com" website . . . to display automobile-related advertising." (Order, January 8, 2002, at 21.) The Court further considered the evidence to suggest that the defendant was "appropriating plaintiffs' goodwill" and "exploit[ing] customer confusion." (Id. at 20.)

However, considering the totality of facts and circumstances in this case, the Court does not find that Nissan Computer's infringement rises to the level of malicious, fraudulent, deliberate or willful conduct. See Earthquake Sound Corp., 353 F.3d at 1220 (Ferguson, J. concurring) ("A finding that a trademark case is exceptional enough to permit an award of attorney's fees requires something more than a voluntary act by the infringing party.") Just prior to the filing of this lawsuit in 1999, the parties engaged in conversations regarding the possible sale of the nissan.com website. At that time, Mr. Nissan was forthright with Nissan Motor about the advertising on nissan.com website, as he showed the auto-related advertising to a Nissan Motor corporate manager and explained "that one-third of the e-mails he received inquiring about products was intended for [Nissan Motor]." (Findings of Fact and Conclusions of Law, September 21, 2007, p. 11, ¶ 46.) When Nissan Motor filed its complaint, Nissan Computer ceased its trademark infringement immediately, removing its auto-related advertisements within one business day. (Id. at 10, 47, ¶

43, ¶¶ 83-84.) The parties' interactions prior to the lawsuit, and Nissan Computer's quick response in removing the infringing content, suggests a lack of bad faith or willfulness.[3]

Additional circumstances militate against finding defendant's conduct willful or in bad faith. There was no evidence that defendant registered its domain name with intent to confuse consumers, or for purpose of selling the domain name to Nissan Motor. (Order, January 8, 2002, at 21). At the trademark dilution trial, the Court determined that "after balancing Mr. Nissan's history of using his last name in business and the absence of any evidence indicating Nissan Computer's intent to associate the nissan.com with the NISSAN mark at the time nissan.com was registered, against Nissan Computer's brief period of auto-related advertising in 1999, the Court finds the intent [to create an association with the mark] factor to be neutral." (Findings of Fact and Conclusions of Law, September 21, 2007, p. 35, ¶ 51.) The facts and circumstances indicate that Nissan Computer's trademark infringement, while intentional, was not sufficiently egregious to rise to the level of malicious, fraudulent, deliberate or willful conduct. Therefore, the Court does not consider this case exceptional. Nissan Motor is not entitled to attorneys' fees.

---

[3] Nissan Motor argues that Nissan Computer later infringed its mark by posting links that through a series of other links led to auto-related advertising. However, in its 2007 Findings of Fact, Court found those facts "too attentuated to constitute infringement." (Findings of Fact and Conclusions of Law, September 21, 2007, p. 47, ¶ 84.)

B. Nissan Computer's Rule 68 Offer of Judgment

Rule 68 is a cost-shifting provision that applies when a plaintiff rejects a defendant's settlement offer and recovers less by prosecuting the case. See Marek v. Chesny, 473 U.S. 1, 8-9 (1985). Rule 68 provides that:

More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment finally that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. Pro. 68(a, d) (2007).

In March 2001, Nissan Computer made Nissan Motor a Rule 68 offer of judgment (the "offer"). The offer provided for:

(1) A permanent injunction requiring Nissan Computer: (a) to post a prominent caption on the first page of nissan.com and nissan.net, identifying those websites as affiliated with Nissan Computer; (b) to post a prominent disclaimer informing visitors that nissan.com and nissan.net are not affiliated with Nissan Motor; and (c) to refrain from displaying automobile-related information, advertisements, or promotions on nissan.com or nissan.net.

(2) An award to Nissan Motor of a monetary sum of $75,000 in damages and attorneys' fees and costs.

(See Def.'s Request for Entry of Final Judgment, October 2, 2007, Exh. A.)

Nissan Motor rejected the offer.[4] Nissan Computer argues that it is entitled to costs because Nissan Motor rejected its Rule 68 offer and has recovered a less favorable judgment in prosecuting the case. When Nissan Computer first raised this Rule 68 argument, (see Def.'s Request for Entry of Final Judgment), the Court found that it was premature to address whether Nissan Motor had obtained a judgment less favorable than the Rule 68 offer since Nissan Motor was yet to bring their motion for attorney's fees. (See Order, November 30, 2007.)

Having determined that Nissan Motor is not entitled to attorneys' fees, the Court now holds that Nissan Computer's Rule 68 offer of judgment was more favorable than the actual judgment obtained by Nissan Motor in this action The offer provided for (1) a permanent injunction and (2) $75,000 in damages, attorneys' fees, and costs. While Nissan Motor obtained two preliminary injunctions, one before the appeal and one afterwards, that remained in effect for several years during the pendency of this case, the Court ultimately denied Nissan Motor's request for a permanent injunction. Nissan Motor ultimately takes nothing in damages, attorneys' fees, and costs. Clearly, a judgment for a permanent injunction and $75,000 in damages, fees, and costs was more favorable to Nissan Motor than the actual judgment, that does not provide any permanent injunction

[4]The Joint Stipulation noted that Nissan Computer's offer would remain in effect if any of the liability findings in the original judgment were reversed on appeal by the Ninth Circuit.

or damages, fees, and costs.[5] As the judgment in this case is less favorable than the earlier Rule 68 offer of judgment, the Court finds that Nissan Computer is entitled to costs.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Nissan Motor's motion for attorneys' fees. The Court AWARDS costs to Nissan Computer because its Rule 68 offer of judgment was more favorable than Nissan Motor's actual judgment in continuing to prosecute the case.

IT IS SO ORDERED.

Dated: February 4, 2008

DEAN D. PREGERSON
United States District Judge

[5]Even if Nissan Motor had obtained a permanent injunction, the Rule 68 judgment would have been more favorable than the actual judgment in this case because Nissan Motor obtained nothing in damages, attorneys' fees, or costs.