1  NEIL D. GREENSTEIN (SBN 123980)
   TECHMARK
2  1917 Palomar Oaks Way, #300
   Carlsbad, CA 92008
3  Telephone: (858) 704-0515
   Facsimile:  (408) 280-2250
4  Email: ndg@techmark.com

5  MARK B. FREDKIN (SBN 053550)
   MORGAN, FRANICH, FREDKIN & MARSH
6  99 Almaden Boulevard, Suite 1000
   San Jose, CA 95113
7  Telephone: (408) 288-8288
   Facsimile: (408) 288-8325
8  Email: mfredkin@mffmlaw.com

9  Attorneys for Defendant,
   Nissan Computer Corporation

10
11                    UNITED STATES DISTRICT COURT
12                   CENTRAL DISTRICT OF CALIFORNIA
13                          WESTERN DIVISION

14
15  NISSAN MOTOR CO., LTD., and          Case No.: CV 99-12980 DDP (Mcx)
    NISSAN NORTH AMERICA, INC.,
16
17              Plaintiff,
          v.
18  NISSAN COMPUTER
    CORPORATION,
19
20              Defendant.
    _____
21
    NISSAN COMPUTER                      **DEFENDANT NISSAN**
22  CORPORATION,                         **COMPUTER CORPORATION'S**
                                         **REPLY IN SUPPORT OF ITS**
23                                       **BILL OF COSTS**
          Counter-Claimant,
24        v.                             **Hearing:  March 6, 2008**
                                         **Time:     11:00 am**
25                                       **Room:     917**
    NISSAN MOTOR CO., LTD., and          **Heard before Costs Clerk**
26  NISSAN NORTH AMERICA, INC.,
27
                Counter-Defendants.
28

**TABLE OF CONTENTS**

| Description | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. HEARING TRANSCRIPTS | 1 |
| III. DEPOSITION TRANSCRIPT COSTS | 2 |
|     A. Rhea Caras Deposition | 2 |
|     B. Robert Wagner Deposition | 3 |
|     C. Nassir Monzorolhagh Deposition | 3 |
|     D. Mark Judaken (Nissan Woodworks) and William Esty Co. Transcripts | 4 |
|     E. Edmund David Nissan Transcript | 5 |
| IV. DOCUMENT REPRODUCTION COSTS | 5 |
|     A. Trial Exhibits | 5 |
|     B. Motion Exhibits | 6 |
| V. WITNESS FEES | 6 |
|     A. Garo Partoyan | 6 |
|     B. Kenneth Hollander | 7 |
|     C. Ronald Buckhammer | 7 |
|     D. Uzi Nissan | 8 |
|     E. MMCA Group - Bob Puglisi | 8 |
| VI. CONCLUSION | 9 |

# **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                 <u>Page</u>

*Cengr v. Fusibond Piping Systems, Inc.*
    135 F.3d 445, 455 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Statutes and Rules</u>                                                    <u>Page</u>

28 U.S.C. § 1821 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1821(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. §§ 1821 & 1920 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

C.D. Cal. R. 54-4.11(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Local Rule 54-7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Local Rule 54-4.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Local Rule 54-4.6(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

Local Rule 54-4.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Local Rule 54-4.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I. INTRODUCTION

Pursuant to Local Rule 54-7, Defendant Nissan Computer Corporation ("Nissan Computer") files this reply in support of its bill of costs. Plaintiffs Nissan Motor Co., Ltd. and Nissan North America, Inc. (collectively, "Nissan Motor") seek to exclude nearly $37,000 of Nissan Computer's taxable costs. However, most of these items are, in fact, recoverable as taxable costs under 28 U.S.C. sections 1821 and 1920. Where Nissan Motor has incorrectly sought to exclude certain costs or overstated the amount such costs should be reduced by, this reply identifies those specific areas and the proper amounts to be taxed.

## II. HEARING TRANSCRIPTS

Nissan Motor seeks to exclude the cost of hearing transcripts totaling $832.35 from taxable costs awardable to Nissan Computer. Yet these hearing transcripts were cited repeatedly in court filings in this Court and at Ninth Circuit by both Nissan Motor and Nissan Computer. Both sides have benefitted from the existence of these transcripts during the eight years that this case has been pending, through two separate appeals, and ultimately during the trial in early 2007. The transcripts have allowed both sets of parties to support better and more accurately portray their respective positions with the record of prior proceedings and matters occurring before trial. Therefore, both parties have implicitly agreed to the use of these transcripts by the other side during the course of this lawsuit and the costs of these transcripts may be included in the taxable costs under Local Rule 54-4.5.

For example, Nissan Motor recently attempted and failed to recover its attorneys' fees. Nissan Motor argued unsuccessfully that the very limited relief it obtained during the eight year course of this lawsuit—including a preliminary injunction against certain automobile related advertising on Nissan Computer's website—made this case "exceptional" under the Lanham Act. In the course of this unsuccessful attempt to recover its attorneys' fees, Nissan Motor took the

1 position that the main goal of its lawsuit was *not* to obtain a forced transfer of the
2 nissan.com domain from Nissan Computer to Nissan Motor.  This was necessary
3 because Nissan Motor lost by summary judgment its legal claim for
4 cybersquatting—and this was the only claim that would have supported such a
5 transfer.  Nissan Motor was caught in its own web when the transcripts of
6 proceedings occurring before trial showed Nissan Motor claiming on multiple
7 occasions that its true goal in the lawsuit, in fact, was a forced transfer of the
8 nissan.com domain.
9      Accordingly, the Court accepted as evidence the representations made by
10 the parties which were recorded in these transcripts—all of which is tacit approval
11 for the cost of such transcripts.  Thus, Nissan Computer should be allowed to
12 recover the cost of obtaining transcripts of proceedings before trial and Nissan
13 Motor's request to exclude these costs should be denied.[1]

### III.  DEPOSITION TRANSCRIPT COSTS

#### A. Rhea Caras Deposition

16 Nissan Motor seeks to exclude from taxable costs a $100 charge for the use
17 of Live Note—a means of displaying the transcript in near real time—during the
18 Rhea Caras deposition.  However, this cost is properly included in Nissan
19 Computer's recoverable costs.  Local Rule 54-4.6(a) expressly includes "electronic
20 transmission charges" as recoverable costs of deposition transcripts.  Live Note is
21 nothing more than the electronic transmission of the original, raw deposition

---

[1]The Court awarded Nissan Computer its costs incurred after the offer of judgment it made to Nissan Motor on March 20, 2001.  The costs to order transcripts from proceedings on December 15, 1999, and October 30, 2000, became necessary and were incurred after the date of Nissan Computer's offer of judgment (because they were either ordered after the date of the Rule 68 offer, or the reporter was paid after that date) and are thus properly taxable costs.

1 transcript in near real time from the court reporter's machine to a lawyer's laptop
2 at the deposition. Nissan Motor's request to exclude this cost should be overruled.

### B. Robert Wagner Deposition

Nissan Motor next asks that a $40 FEDEX shipping charge for delivery of the Robert Wagner transcript be excluded from the taxable costs on the theory that it is an "expedited" charge. However, Nissan Motor has made no showing that the actual shipment via FEDEX was "expedited" in any sense. The receipt from Precise Reporting Service does not indicate that the shipment was expedited. *See* Bill of Costs, p. 63. It is common knowledge that FEDEX is capable of shipping for next day delivery by air, for two day delivery, for ordinary delivery by ground transportation, or by various other means. It is quite reasonable that a bulky deposition transcript would cost $40 to ship in the ordinary course.

Moreover, a party requesting a transcript from a court reporter has no practical ability to demand that a particular method of delivery be used by a court reporting service—which will often use FEDEX or UPS for superior package tracking capabilities. And Nissan Motor has certainly not made a showing that this cost is "expedited", or should be disallowed and its request to exclude this charge should also be overruled.

### C. Nassir Monzorolhagh Deposition

Nissan Motor next seeks to exclude $154.50 from the charges for the Nassir Monzorolhagh transcript. The invoice from Spherion for this deposition indicates that the cost of the 50 page transcript (original and *two* copies) was $300 for 50 pages at $6 per page. *See* Bill of Costs, p. 67. Apparently, Nissan Motor believes $100 of the transcript cost should be excluded because Local Rule 54-4.6(a) allows recovery of the costs for only the original and one copy. Nissan Motor appears to divide the $300 cost by three transcripts to obtain a real cost of $100 for the original and $100 for each of the two copies and then Nissan Motor subtracts $100 for the second copy.

-3-

1 However, this is faulty logic. It is self evident from the court reporter's
2 invoice that the cost of the transcript is $300 no matter how many copies were
3 included by the court reporter because the total cost was determined by the number
4 of pages in the original transcript - 50 pages times $6 per page is $300. Nissan
5 Motor's request to exclude this amount should also be overruled.

6 Nissan Motor then asks for the exclusion of $54.50 for "UPS Charges",
7 again on the theory that this is for expedited delivery and not recoverable under
8 Local Rule 54-4.6(a). However, just as with the Wagner deposition, Nissan Motor
9 has not demonstrated with any real evidence that this charge was in fact for
10 expedited delivery. UPS also provides delivery service in the ordinary, non-
11 expedited course and litigants ordering transcripts have no practical choice in the
12 means of delivery offered by court reporting services. This request to exclude the
13 cost for delivery by UPS should be refused.

14 **D. Mark Judaken (Nissan Woodworks) and William Esty Co.**
15 **Transcripts**

16 Nissan Motor requests that $320 for the Judaken and Esty transcripts be
17 excluded because the witnesses failed to appear. However, the costs of the
18 transcripts creating an oral record of the failure to appear were real costs that were
19 incurred by Nissan Computer and had to be paid. As such, these costs are properly
20 taxable under Local Rule 54-4.6(a). The requirement in the Local Rule that the
21 deposition be used for "any purpose" is satisfied by creating a record of the failure
22 to appear. The depositions were viewed as necessary at the time the witnesses
23 were subpoenaed, among other reasons, to show third party use of the Nissan
24 mark. It was not reasonably anticipated that the witnesses would disregard the
25 subpoenas, and the costs are therefore recoverable. *See Cengr v. Fusibond Piping*
26 *Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (necessity of deposition viewed at
27 time taken).

28

### E. Edmund David Nissan Transcript

Nissan Motor likewise seeks to exclude $41.75 for UPS charges for delivery of the Edmund David Nissan transcript. But this request should be overruled for the same reasons as the Monzorolhagh and Wagner transcripts.

## IV. DOCUMENT REPRODUCTION COSTS

### A. Trial Exhibits

Nissan Computer seeks taxable costs of $12,367.06 for copying trial exhibits for use at trial and as required by the Court's standing order on trial preparation ("Advanced Discovery for Trial"). *See* Declaration of Neil D. Greenstein In Support Of Nissan Computer's Reply In Support Of Its Bill Of Costs ("Greenstein Decl."), ¶ 2; *see also* Judge Pregerson Standing Order on Trial Exhibits. Nissan Motor requests that these copying charges for trial exhibits be excluded from the taxable costs.

These charges are allowed under Local Rule 54-4.11. Trial exhibits are "copies of an exhibit attached to a document necessarily filed and served." *See* C.D. Cal. R. 54-4.11(a). Each and every trial exhibit is set forth in the parties' exhibit lists which are filed with the court and served on each other, as described in the local rule. The exhibits in this trial were voluminous and were "attached" constructively to the filed exhibit lists per the trial judge's standing order requiring the parties to create binderized sets of the exhibits. *See* Judge Pregerson Standing Order on Trial Exhibits.

Moreover, original documents, as a practical matter, simply could not be used in this trial because of the sheer number of exhibits and the volume of pages involved. Both parties implicitly acknowledged this fact by making the originals constructively and/or actually unavailable and allowing authenticated copies to be used in lieu of originals. Thus, the reproduction charges for trial exhibits may be recovered by Nissan Computer pursuant to Local Rule 54-4.11(b).

1    Accordingly, Nissan Motor's request to exclude these costs should also be
2 overruled.

### B. Motion Exhibits

4    Nissan Motor wants the costs for copying exhibits to motions that Nissan
5 Computer ultimately lost ($86.19) excluded from the taxable costs purportedly
6 because losing the motions makes the copying unnecessary. Nissan Motor cites no
7 real authority for this assertion. There is no authority because even a losing motion
8 can have a necessary purpose, including making an opposing party take a position
9 on an important issue in the case, discovering an opposing party's strategy at trial,
10 demonstrating a party's resolve to take a stand over discovery disputes, or
11 obtaining "free" discovery on the opposing party's view of the case, among others.
12 Accordingly, these copying charges are properly taxed and Nissan Motor's request
13 to exclude them should be denied.

### V. WITNESS FEES

### A. Garo Partoyan

16    Nissan Motor concedes that Nissan Computer can recover the "most
17 economical" method of travel for Garo Partoyan to attend his deposition. A coach
18 flight from Mr. Partoyan's home in Sarasota, Florida to the location of his
19 deposition in San Diego, California costs $853.49. *See* Greenstein Decl., ¶ 3, Ex.
20 1.

21    Additionally, three days (plus two travel days) were justified for Mr.
22 Partoyan's deposition including his travel to the location, preparation time,
23 deposition time, and the return trip. Section 1821 allows a specified recovery of
24 costs incident to a witness' appearance in front of an officer authorized to take the
25 witness' deposition. 28 U.S.C. § 1821. Mr. Partoyan was originally prepared to
26 give his deposition years before its actual occurrence in June, 2006, but the
27 intervention of two appeals to the Ninth Circuit made it necessary to wait. Mr.
28 Partoyan accordingly had to spend necessary time preparing to give meaningful

1  testimony for his deposition in the San Diego, California, area when it was finally
2  taken—including reviewing a voluminous amount of documents to refresh his
3  recollection of the case specifics—thereby accounting for the additional time spent
4  with counsel in San Diego.

5  Section 1821 specifically allows for the actual expenses of travel, including
6  parking fees. 28 U.S.C. § 1821(c)(3). Therefore, Nissan Motor's objection to Mr.
7  Partoyan's parking charges should be overruled. Additionally, even allowing
8  Nissan Motor's argument that the capped amount for meals and incidental expenses
9  in San Diego, California, is $64 per day and $48 per day of travel, Mr. Partoyan's
10 other travel expenses fall well within this limit. *See* Walch Decl., A-3. In fact, Mr.
11 Partoyan could have spent $288 for meals and incidental expenses and stayed
12 within the GSA limits ($64 times 3 plus $48 times 2 = $288). Accordingly, Nissan
13 Motor's objection to $239.13 in miscellaneous travel expenses is unfounded.

14 At most, Nissan Computer's taxable costs for Mr. Partoyan's deposition
15 should be reduced by only $551.71—the difference between Mr. Partoyan's actual
16 airfare cost and the cost of a coach flight for the same itinerary.

### B. Kenneth Hollander

18 Nissan Motor incorrectly includes $56 of Mr. Hollander's parking charges
19 within its calculation of his meals and incidental expenses. These parking costs are
20 expressly and separately allowed under section 1821. 28 U.S.C. § 1821(c)(3).
21 Thus, Mr. Hollander's costs should be reduced by only $23.20 for these expenses.
22 Even allowing for the GSA hotel rate limitations, the total deductions for Mr.
23 Hollander's costs amount to only $221.20, resulting in allowable costs of $494.78.

### C. Ronald Buckhammer

25 Mr. Buckhammer lives in Fresno, California, and he drove to the trial in Los
26 Angeles, California. *See* Greenstein Decl., ¶ 4. The allowable cost for this trip is
27 $212.43 (438 miles times 48.5 cents per mile). *Id.* Accordingly, Mr.
28 Buckhammer's travel expense should be reduced by only $254.14.

**D. Uzi Nissan**

Mr. Uzi Nissan was Nissan Computer's main witness, founder of the company, and principal shareholder. Nissan Computer's claim that his trial testimony necessarily required only two days defies logic and reason. Mr. Nissan necessarily had to attend each day of trial because of his role as one of the most critical witnesses in a case that took eight years and two trips to the Ninth Circuit to be trial ready. Mr. Nissan's ability to testify competently necessarily required his presence during all phases of the trial. Additionally, Mr. Nissan had to be prepared for his trial testimony in Los Angeles, where his counsel was present for the trial, thereby requiring additional time in the venue.

Even assuming the GSA lodging, meal and incidental expense limitations, Mr. Nissan's allowable costs are $1,520.20 [($48 + $64 times 6 + $48 + $110 times 7 = $1,250); $1,250 + $270.20 estimated taxes = $1,520.20]. Nissan Motor's request to exclude $1,797 in Mr. Nissan's expenses should be overruled.

**E. MMCA Group - Bob Puglisi**

The MMCA Group witness costs are for Mr. Bob Puglisi, a private investigator hired by Nissan Computer, who testified at the trial. *See* Greenstein Decl., ¶ 5. Mr. Puglisi flew to Los Angeles, California, from Washington D.C., by coach fare. That coach fare was $1,098.30. *Id.,* Ex.3. Mr. Puglisi's other travel expenses are all allowable costs. Accordingly, Nissan Motor's request to exclude $1,148.20 is meritless and should be overruled.

Even assuming the GSA lodging limitation, Mr. Puglisi's allowable hotel costs are $125.47 ($110 + $15.47 estimated tax = $125.47). Mr. Puglisi's allowable meals and incidental expenses are $96 resulting in a total lodging, meal and incidental expense of $221.47.

Accordingly, the total recoverable expense for Mr. Puglisi's witness fees is $1,369.67.

## VI. CONCLUSION

Nissan Motor greatly overestimates the amounts which should be excluded from Nissan Motor's taxable costs. This litigation took nearly eight years to begin trial after Nissan Motor filed this lawsuit with much fanfare in 1999, against the operator of a small computer company in North Carolina, and involved two separate appeals to the Ninth Circuit. Yet Nissan Motor never achieved the true goal of its litigation, to force Nissan Computer to transfer the nissan.com domain. Moreover, Nissan Motor never obtained any damages from Nissan Computer, and never obtained any permanent injunctive relief. It should come as no surprise that Nissan Computer's taxable costs are significant.

For all these, Nissan Motor should be awarded taxable costs as set forth in its Bill of Costs and as modified in this reply.

Dated: March 3, 2008

Respectfully submitted,
NEIL D. GREENSTEIN
TECHMARK

By: \_\_\_\_/ s /\_\_\_\_
Neil D. Greenstein
Attorneys for Defendant,
Nissan Computer Corporation